UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LENA ZERANGUE,

      Plaintiff,

vs.                                    CASE NO.: 19-1939

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

      Defendant.
_____/

## **COMPLAINT**

1. This is an action for damages, equitable relief and attorney's fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132 (a)(1)(b).

2. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132 (e).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391 (b) (3).

4. At all times relevant hereto Plaintiff was an employee of Alliance Benefit Partners.

5. At all times relevant hereto Plaintiff was a "participant" in and "beneficiary", as these terms are defined by 29 U.S.C. §§ 1002(7) and (8), of the "The Weekly Disability Income Insurance for Employees of Alliance Benefit Partners" (hereinafter "The STD Plan"), and the Group Long Term Disability Insurance for Employees of Alliance Benefit Partners (hereinafter "The LTD Plan"),

and her insurance premiums required for coverage under the STD PLAN and the LTD PLAN had been fully paid or otherwise satisfied.

6. The STD PLAN and the LTD PLAN are components of an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1). A copy of the STD Plan documents is attached hereto as Exhibit "A" and copy of the LTD Plan documents is attached hereto as Exhibit "B", and both are incorporated by reference herein.

7. At all times relevant hereto Plaintiff's employer, Alliance Benefit Partners, was the "plan sponsor" of the STD PLAN and the LTD PLAN as this term is defined by 29 U.S.C. § 1002(16)(B).

8. At all time relevant hereto, Defendant, The Lincoln National Life Insurance Company, (hereinafter "LINCOLN") was the claim "administrator" of the STD PLAN and the LTD Plan, and a "fiduciary", as these terms are defined by 29 U.S.C. §§ 1002(16) and (21).

9. At all time relevant hereto the business practices of Defendant. LINCOLN created a conflict of interest between its fiduciary duties to Plaintiff and its interest in maximizing profits on its own behalf and on behalf of its shareholders.

10. Defendant LINCOLN failed to provide a full and fair review of Plaintiff's claim and appeal of Defendant's adverse benefit determination as required by 29 C.F.R. § 2560.503-1(h)(4), by way of the following, non-exhaustive, list of particulars:

> **(a).** By failing to provide an explanation of the basis for disagreeing with or not following the determination of the Social Security

Administration that Plaintiff is disabled and entitled to SSDI benefits, as required by 29 C.F.R. § 2560.503-1(g)(1)(vii)(A), (j)(6)(i);

**(b).** By failing to provide "either the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist" as required by 29 C.F.R. § 2560.503-1(g)(1)(ii)(B), (j)(6)(ii); and

**(c).** By failing to provide an "explanation of the basis for disagreeing with or not following" the "views" of treating and consulting medical and vocational specialists. 29 C.F.R. § 2560.503-1(g)(1)(vii)(A), (j)(6)(i).

11. Plaintiff has exhausted all of her administrative remedies available in the LTD Plan.

12. In the alternative, Defendant has failed to establish and follow reasonable claims procedures, thus Plaintiff should be deemed to have exhausted the administrative remedies available under the plan pursuant to 29 C.F.R. § 2560.503.1 (l).

## COUNT I
### Action to Recover Short Term DisabilityPlan Benefits
### Pursuant to 29 U.S.C. §1132(a)(1)(B)

13. Plaintiff re-alleges and reavers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Defendant, THE STANDARD, has failed and refused to pay Plaintiff sums due pursuant to the terms of the STD PLAN.

15. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant for benefits due under the STD PLAN through specific performance of the contract between the parties, together with interest, costs of litigation and attorney's fees.

## COUNT II
### Action to Recover Long Term DisabilityPlan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

16. Plaintiff re-alleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated

17. Pursuant to the plan documents, attached hereto as Exhibits A and B, the standard for proving entitlement to Long Term Disability (LTD) benefits is more stringent than that for STD benefits.

18.     Because Defendant has refused to pay Plaintiff's STD benefits, Plaintiff reasonably anticipates that Defendant will also deny entitlement to LTD benefits, and for this reason it would be futile for Plaintiff to exhaust her administrative remedies for receiving LTD benefits.

19.     Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant for benefits due under the LTD PLAN, together with costs of litigation and attorney's fees and pre-judgment interest.

<u>s/Edward A. Doskey</u>
Doskey Law, P.L.C.
Edward A. Doskey
Louisiana Bar No.: 30993
Attorney for Plaintiff
807 Howard Ave.
New Orleans, LA  70113
Phone:  (504) 684-4473
Fax:  (504) 234-2398
Email:  ed@doskeylaw.com