## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LENA ZERANGUE,**

**Plaintiff,**

**v.**                                    **Case No: 2:19-CV-01939-MLCH-JCW**

**THE LINCOLN NATIONAL LIFE I
INSURANCE COMPANY,**

**Defendant.**

---

### MERMORANDUM IN OPPOSITION TO DEFENDANT'S
### RULE 12(B)(6) MOTION TO DISMISS

---

The Court should deny the Defendant's Motion to Dismiss [Doc. 8] because
Plaintiff pleaded sufficient factual allegations upon which relief can be granted and
because the Code of Federal Regulations governing ERISA claims provides that in
circumstances such as those pleaded in the Complaint, an ERISA claimant is deemed
to have exhausted administrative remedies, and because Plaintiff pleaded sufficient
facts to show that pursuing administrative remedies any further than she did would have
been patently futile.

### I. BACKGROUND AND PRELIMINARY STATEMENT

The Complaint clearly alleges that The Lincoln National Life Insurance Company
("Lincoln") failed to follow proper claim and appeal procedures as set forth in the Code
of Regulations, in particular: "**(a).** By failing to provide an explanation of the basis for
disagreeing with or not following the determination of the Social Security
Administration that Plaintiff is disabled and entitled to SSDI benefits, as required

by 29 C.F.R. § 2560.503-1(g)(1)(vii)(A), (j)(6)(i); **(b).** By failing to provide "either the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist" as required by 29 C.F.R. § 2560.503-1(g)(1)(ii)((B), (j)(6) (ii); and **(c).** By failing to provide an "explanation of the basis for disagreeing with or not following" the "views" of treating and consulting medical and vocational specialists. 29 C.F.R. § 2560.503-1(g)(1)(vii)(A), (j)(6)(i). [Doc. 1, ¶ 10; Doc. 3, ¶10]. Moreover, because Defendant thrice denied Plaintiff's claim for short-term disability ("STD") benefits, it was apparent Defendant would not pay her long-term disability ("LTD") benefits either. Thus, pursuing an LTD claim and appeals would have been futile. *See e.g., Simmons v. Willcox,* 911 F.2d 1077, 1079 (5th Cir. 1990).

## II. ARGUMENT

**A.    Defendant's Motion and Memorandum Ignores The Rule 12(b)(6) Standard.**

As the Fifth Circuit has explained, "[a] motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins v. Morgan Stanley Dean* Witter, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) so long as sufficient factual allegations are pleaded to raise a right to relief beyond mere speculation, and such a motion looks to the formal sufficiency of the plaintiff's complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). In *Teachers' Retirement System of La.* v.Hunter, the court, while analyzing the

dismissal of a complaint pursuant to Fed.R.civ.P. 12(b)(6), explained, "More precisely, under this scheme of notice pleading and broad discovery, consideration of a motion to dismiss must account for the possibility that a noticed claim could become legally sufficient if the necessary facts were to be developed during discovery. As the Supreme Court has characterized this approach to Rule 12(b)(6) motions: 'Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (internal quotation marks and citation omitted) (emphasis added).'" 477 F.3d 162, 170 (4th Cir., 2007). As explained more fully, below, the Complaint contains more than sufficient allegations to overcome Defendant's motion to dismiss.

**B.  Because of Defendant's Mishandling of Plaintiff's Appeal of Denied Short-term Disability Benefits Plaintiff is Deemed to Have Exhausted Administrative Remedies.**

In the present case, Plaintiff pleaded two bases to excuse the ordinary requirement that administrative remedies must be exhausted before initiating litigation. The first, and primary, basis is that the Code of Federal Regulations mandates that a claimant be deemed to have exhausted administrative remedies when the plan administrator fails to establish and follow reasonable claims procedures. Defendant failed to address this basis in its Motion to Dismiss and Memorandum. [Docs. 8 and 8-2].

Plaintiff pleaded three specific examples of how Defendant failed to properly evaluate her appeal of the denial of Plaintiff's STD benefits, and clearly set forth the

specific sections of Title 29 of the Code of Federal Regulations that Defendant failed to

follow in administering Plaintiff's appeal. [Doc. 1, ¶ 10; Doc. 3, ¶10; pp. 1-2, *supra*].

29 C.F.R. § 2560.503 (l)(2) states:

> Plans providing disability benefits. (i) In the case of a claim for
> disability benefits, if the plan fails to *strictly* adhere to *all* the
> requirements of this section with respect to a claim, The claimant is
> deemed to have exhausted the administrative remedies available
> under the plan, except as provided in paragraph (l)(2)(ii) of this
> section. Accordingly, the claimant is entitled to pursue any available
> remedies under section 502 (a) of the Act on the basis that the plan
> has failed to provide a reasonable claims procedure that will yield a
> decision on the merits of the claim. If a claimant chooses to pursue
> remedies under section 502 (a) of the act under such
> circumstances, the claim or appeal is deemed denied on review
> without the exercise of discretion by an appropriate fiduciary.

*Emphasis added.*

This provision of the CFR, which specifically governs employee disability plans,

is unambiguous in its directive that when a disability plan administrator, in this case

Defendant/Lincoln, fails to follow the claim procedures set forth in 29 C.R.R. §

2560.503-1, *et seq.,* the claimant is deemed to have exhausted administrative

remedies, and *shall* be entitled entitled to pursue any remedies available under section

502(a) of the Employee Retirement Income Security Act (ERISA). This regulation is

mandatory and leaves no room for interpretation or discretion. This is precisely what

occurred in the present case, as Plaintiff clearly pleaded in her Complaint. [Doc. 1, ¶ 10;

Doc. 3, ¶ 10]; *see Baptist Mem'l Hosp. - DeSoto, Inc. v. Crain Automotive, Inc.,* 392 Fed.

Appx. 289; 2010 U.S. App. LEXIS, 17518, ** 8-13; 49 Employee Benefits Cas. (BNA

2221) (5th Cir. 8/19/2010) (holding that because the group health plan administrator

failed to substantially comply with its duty to notify plaintiff/hospital that it had denied

claim, district court properly excused plaintiff's failure to exhaust administrative remedies).

This provision of the CFR is the primary rationale for excusing the usual requirement that Plaintiff exhaust administrative remedies before pursuing litigation regarding her LTD benefits. Plaintiff respectfully suggests that this rationale provides more than sufficient reason for the Court to deny Defendant's Motion to Dismiss. Nevertheless, Plaintiff will address Defendant's arguments regarding futility, below.

**C.   Defendant's Denial of Plaintiff's Short-Term Disability Claim and Refusal to Adhere to the Requirements of the CFR During the Appeal Process Made it Abundantly Clear That Pursuing Claims and Appeals for Long-term Disability Benefits, (for the same disabling illness) Would Be Futile.**

In its Motion to Dismiss and accompanying Memorandum, Defendant failed to address the fact that Plaintiff assiduously pursued her claim for disability benefits, albeit for short-term disability benefits (STD), exhausting two levels of administrative appeals in the process before filing suit. The STD policy paid only thirteen weeks of benefits at a maximum weekly amount of $1,000.00. [Doc. 1, Ex. A, p.3]. By contrast, the LTD policy pays 60% of Plaintiff's pre-disability earnings, up to a $5,000.00 monthly benefit, potentially until she reached age 65. [Doc. 1, Ex. B, p.3]. Throughout the claim and appeal processes, Plaintiff was stymied by Defendant's refusal to play by the rules set forth in the CFR. If the Defendant was going to fight as hard as it did over a total of $13,000.00 in benefits, surely pursuing an LTD claim worth potentially hundreds of thousands of dollars would have been an exercise in futility.

Given that Defendant made it abundantly clear that it was a not going to follow the rules in handling Plaintiff's administrative appeal, and that it was going to turn a

blind eye to whatever evidence Plaintiff provided to prove her entitlement to STD

benefits, Plaintiff had every reason to believe that further entreaties, whether they be for

short-term or long-term disability payments, would be futile. To suggest that the same

insurer that fought tooth and nail to avoid paying a total of $13,000.00 in STD benefits

would suddenly see the error of its ways and pay Plaintiff's LTD benefits strains

credulity. Despite Defendant's assertions to the contrary, a clearer case of futility is

difficult to imagine.

    In its Memorandum in Support of Its Motion to Dismiss Plaintiff's Claim for LTD

Benefits, Defendant describes Plaintiff's approach in this case as "backwards" and

"contrary to . . . Fifth Circuit case law, and common sense. (Doc. 8-2, p. 5, ¶ 9]. In fact,

as explained above, it would be contrary to common sense for Plaintiff to have

continued plodding along, beating her head against a brick wall, hoping against hope

that Defendant would pay her LTD claim after she had exhausted two levels of

administrative appeals for her STD claim and come away empty handed. As for

Defendant's assertion that Plaintiff's actions are contrary to Fifth Circuit case law, each

of the cases cited by Defendant in its Memorandum are easily distinguishable from the

present case:

    *Meza v. General Battery Corp*., was an appeal of a grant of summary judgment

(as opposed to Defendant's motions to dismiss in the present case) in favor of the

defendant and the benefits at issue were occupational disability benefits and pension

benefits. While the Fifth Circuit upheld the district court's grant of summary judgment,

based at least in part on the plaintiff's failure to exhaust administrative remedies, the

plaintiff  had *never* made a claim for either benefit, much less appealed their denial. 908

6

F.2d 12621278-1279 (1990). In contrast, in the present case, Plaintiff exhausted her administrative remedies for her STD benefits, Defendant had every opportunity to review the supporting documentation Plaintiff submitted with her appeals, and Defendant refused to pay Plaintiff any disability insurance benefits. [Doc. 1, ¶¶ 13 and 14; Doc. 3, ¶¶ 13 and 14].

In *Denton v. First Nat. Bank of Waco, Texas* the plaintiff brought suit for early payment of pension benefits. When those payments were denied, plaintiff and his attorney intentionally circumvented the administrative remedies provided for in the pension plan. The plaintiff attempted to rely on the futility exception to the exhaustion requirement, to no avail. While the Fifth Circuit upheld the district court's decision to rule against the plaintiff following a bench trial (as opposed to Defendant's motion to dismiss in the instant case), again there was no evidence in the record that the plaintiff ever availed herself of any administrative remedies for any benefit.

In *Simmons v.. Willcox*, after the plaintiff's employment was terminated, she asked her former employer about the the status of retirement and health benefits. The plaintiff decided not to file a claim for either benefit but chose instead to file suit in federal district court. Not surprisingly, the district court granted summary judgment in favor of the defendant after the completion of discovery and the Fifth Circuit affirmed. 911 F.2d 1077, 1079-1082 (1990). Again, Defendant cited a case involving a motion for summary judgment following the completion of discovery, in support of a Rule 12(b)(6) motion to dismiss.

In *Medina v. Anthem Life Ins. Co*. the plaintiff sought pre-authorization from the insurance company for certain dental procedures, which were initially denied. After

7

plaintiff's attorney wrote the insurance company asking it to reverse the denial, the insurance company had an independent evaluation done on the claim, after which the independent evaluators recommended authorizing the dental procedure. The day after the insurance carrier authorized the procedure, the plaintiff brought suit in state court for the cost of the treatment. After removing the case to federal court, the defendant insurance carrier sought to dismiss the action for failure to exhaust administrative remedies. On these facts the district court not surprisingly dismissed the suit and the Fifth Circuit affirmed. 983 F.ed 29, 30 (1993).

The plaintiff in *McGowin v. ManPower International, Inc*. was an employee of ManPower International (an employee leasing company) assigned to work at ExxonMobil. When she was fired from ManPower she sued it and ExxonMobil in state court for a variety of things, including refusal to pay ERISA employee benefits. To no one's surprise the complaint was removed to federal court and the defendants moved to dismiss it based on, among other things, ERISA preemption and failure to exhaust administrative remedies (the plaintiff had not even requested payment of any benefits prior to filing suit). Once again, the Fifth Circuit affirmed. 363 F.3d 56, 557-559 (2004).

The obvious difference between these cases and the instant one is that here Plaintiff did in fact make a claim for disability benefits. She perfected the claim, and when Defendant denied it, she exhausted two levels of administrative appeals before bringing the present litigation. [Doc. 1, pp. 3-4Doc. 3, pp. 3-4]. Plaintiff's claim for LTD benefits would have been based on the same disabling illness, handled by the same plan administrator, and quite obviously would have faced the same outcome as Plaintiff's STD claim. It is clearly futile for Plaintiff to pursue the LTD claim because it is

8

apparent Defendant will deny it as it did Plaintiff's STD claim. This is a pretty clear case of futility. *See Simmons*, 911 F.2d at 1079.

### III. CONCLUSION

Plaintiff pleaded sufficient facts to show that Defendant failed to strictly adhere to all of the requirements of the Code of Federal Regulations governing ERISA disability insurance claims and is thus deemed to have exhausted administrative remedies and entitled to avail herself of all remedies available under ERISA per 29 C.F.R. § 2560.503 (l)(2). Alternatively, Defendant's handling of Plaintiff's STD claim and appeals shows that it would be futile for Plaintiff to continue with the administrative process as to her LTD claim. Thus, Defendant's Motion to Dismiss Count II of the [Amended] Complaint should be denied. In the alternative, Plaintiff respectfully suggests that the court might stay the present matter until such time as Plaintiff can make her claim for LTD benefits and exhaust administrative remedies, or grant Plaintiff leave to file a second amended complaint upon exhausting administrative remedies for her LTD benefits, provided this occurs before the instant case is concluded.

Respectfully submitted,

/s/ Edward A. Doskey
Edward A. Doskey
Louisiana Bar No.: 30993
Doskey Law, PLC
807 Howard Ave.
New Orleans, LA  70113-1107
Telephone: (504) 810-4137
Facsimile: (504) 3242398
E-mail: ed@doskeylaw.com
Counsel for Plaintiff

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a on April 30, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Blake B. Goodsell, Bradley Arant Boult Cummings, LLP, One Federal Place, 1819 Fifth Ave. No., Birmingham, AL  35203.

/s/ Edward A. Doskey
Edward A. Doskey
Louisiana Bar No.: 30993
Doskey Law, PLC
807 Howard Ave.
New Orleans, LA  70113-1107
Counsel for Plaintiff

10