UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LENA ZERANGUE | CIVIL ACTION |
| v. | NO. 19-1939 |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's Rule 12(b)(6) motion to dismiss the plaintiff's claim for long-term disability benefits, without prejudice, for failure to exhaust administrative remedies under her ERISA plan. For the reasons that follow, the motion is GRANTED, and the above-captioned matter is administratively closed so that the plaintiff may pursue her claim for long-term disability benefits through the administrative process.

**Background**

Lena Zerangue is a participant to both short-term and long-term disability benefit plans through her employment with Alliance Benefit Partners. On March 1, 2019, Ms. Zerangue filed this ERISA action against Lincoln National Life Insurance Company, the administrator of each plan, seeking to recover short-term and long-term disability benefits. She alleges that Lincoln National denied her claim for short-term disability benefits and then failed to provide a full and fair review of the adverse benefit determination. She further alleges that, because the

1

administrator has refused to pay short-term disability benefits, she reasonably anticipates that it will also deny her entitlement to long-term disability benefits (which are subject to a more stringent standard).[1]

Lincoln National now moves to dismiss the plaintiff's claim for long-term disability benefits without prejudice under Rule 12(b)(6) on the ground that she has failed to exhaust her administrative remedies.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8).

---

[1] Although the plaintiff makes no reference to the nature of her purported disability or the circumstances under which her claim for short-term disability benefits was denied, she attaches to her complaint a copy of the long-term and short-term disability plans and states that they are incorporated by reference therein.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Stated differently, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03; see also Iqbal, 556 U.S. at 678 ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal citations omitted).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even

3

if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court may consider documents that are essentially "part of the pleadings" -- that is, any documents attached to or incorporated into the plaintiff's complaint by reference that are central to the plaintiff's claim for relief. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins

v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

II.

*A.*

ERISA gives a plan participant standing to bring a civil action "to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). However, Fifth Circuit precedent instructs that "claimants seeking benefits from an ERISA plan [must] first exhaust available administrative remedies under the plan before bringing suit to recover benefits." Crowell v. Shell Oil Co., 541 F.3d 295, 308 (5th Cir. 2008) (quoting Bourgeois v. Pension Plan for the Emps. of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000)).

> The policies underlying 'the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*.'

Meza v. Gen. Battery Corp., 908 F.2d 1262, 1279 (5th Cir. 1990) (quoting Denton v. First Nat'l Bank of Waco, 765 F.2d 1295, 1300 (5th Cir. 1985)). Although the exhaustion requirement is not specifically required by ERISA, it "has been uniformly endorsed by

5

the courts in keeping with Congress' intent in enacting ERISA." Hall v. Nat'l Gypsum Co., 105 F.3d 225, 231 (5th Cir. 1997).

The exceptions to the exhaustion requirement are limited: a claimant may be excused from the exhaustion requirement if she shows either that pursuing an administrative remedy would be futile or that she has been denied meaningful access to administrative remedies. Denton, 765 F.2d at 1302 (futility exception); Meza, 908 F.2d at 1279 (meaningful access exception). "To show futility, Plaintiffs must show that the review was conducted with 'hostility or bias' against the claimants." Ctr. for Restorative Breast Surgery, L.L.C. v. Blue Cross Blue Shield of La., No. 11-806, 2016 U.S. Dist. LEXIS 105458, at *31 (E.D. La. Aug. 10, 2016) (Morgan, J.) (quoting McGowin v. Manpower Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004)). Moreover, "[c]onclusory allegations are insufficient to support an exception to the exhaustion rule based on a denial of meaningful access." Id. at *32 (citing McGowin, 363 F.3d at 560). Accordingly, "these exceptions apply . . . only in extraordinary circumstances." Id. at *30.

*B.*

*i.*

Lincoln National urges the Court to dismiss Ms. Zerangue's long-term disability claim, without prejudice, for failure to exhaust administrative remedies; the defendant also requests any "further and different relief as the Court deems appropriate."

6

The defendant submits that, although the long-term disability policy requires two administrative appeals prior to the institution of a lawsuit, Ms. Zerangue concedes that she has not exhausted her administrative remedies. To the contrary, she has not even submitted a claim for long-term disability benefits. As a result, there is no administrative record for this Court to review.

Ms. Zerangue counters that she has pleaded two bases to excuse the exhaustion requirement. First, invoking 29 C.F.R. § 2560.503(l)(2), Zerangue contends that she is deemed to have exhausted her administrative remedies because Lincoln National failed to provide a full and fair review of her claim for short-term disability benefits. In the alternative, Ms. Zerangue submits that pursuing a claim for long-term disability benefits would have been patently futile. She argues that, because her claim for long-term disability benefits would have been based on the same disabling illness and handled by the same plan administrator, it "quite obviously" would have faced the same fate as her short-term disability claim. Finally, Ms. Zerangue requests that the Court stay this matter until she can file a claim for long-term disability benefits and exhaust her administrative remedies.

*ii.*

The Court agrees with both sides, in part. With respect to futility, it is undisputed that Zerangue exhausted her

7

administrative remedies as to her claim for short-term disability benefits. Moreover, the definition of disabled for purposes of short-term disability benefits is the same as that for long-term disability benefits during an elimination period and then less restrictive for the remaining period of coverage. Furthermore, the same plan administrator that denied Zerangue's short-term disability claim (and upheld that decision during two rounds of internal appeals), would make the determination on her long-term disability claim. "Under these circumstances, it is certain from the denial of [Zerangue's] claim for STD benefits that her claim for LTD benefits would also be denied." See Taylor v. Prudential Ins. Co. of Am., 954 F. Supp. 476, 485 (S.D. Miss. 2013). Therefore, it would be futile to now require her to exhaust her administrative remedies as to her long-term disability claim. See id.

However, where, as here, a plaintiff has not even filed a claim for long-term disability benefits, "there is no administrative record that would support an award to [her] of LTD disability benefits by this court." Id. (citing Welsh v. Wachovia Corp., 191 F. App'x 345, 358 (6th Cir. 2006). As previously discussed, the primary purposes of the exhaustion requirement are to:

>(1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts;
>(2) provide a sufficiently clear record of

>     administrative action if litigation should ensue; and
>     (3) assure that any judicial review of fiduciary action
>     (or inaction) is made under the arbitrary and capricious
>     standard, not *de novo*.

Meza, 908 F.2d at 1279 (quoting Denton, 765 F.2d at 1300). To consider Ms. Zerangue's entitlement to long-term disability benefits in the absence of an underlying decision by Lincoln National for this Court to review would frustrate the purpose of the exhaustion doctrine.

Accordingly, in an attempt to balance these competing considerations, and in the interest of judicial economy, the Court finds it appropriate to dismiss Ms. Zerangue's claim for long-term disability benefits, without prejudice, *and* administratively stay these proceedings until she has an opportunity to exhaust her administrative remedies as to her long-term disability claim. In the event Lincoln National determines that benefits are not payable, this Court will have a complete administrative record to review in order to evaluate the decision under the applicable standard of review. On the other hand, if Zerangue's claim for long-term disability benefits is approved, many issues in this lawsuit may be rendered moot.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the defendant's motion to dismiss is GRANTED, and the plaintiff's claim for long-term disability benefits is dismissed without prejudice. IT IS FURTHER ORDERED: that this case is

administratively closed pending the exhaustion of plaintiff's administrative remedies as to her long-term disability claim, with each party retaining the right to move for reopening.

New Orleans, Louisiana, May 9, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE